BYRON CROSS *vs.* CHARLES ELLIOT.

Waldo.   Opinion April 21, 1879.

*Sale on writ. Remedy. Liability. Tort.*

A defendant whose chattels have been regularly attached and sold upon the writ, and who prevails in the suit and recovers costs, cannot maintain an action of tort against the plaintiff in such suit for the article attached. The officer should return to the owner the proceeds of the property sold.

FACTS AGREED.

ACTION OF TROVER for the value of a cow. The writ is dated October 10, 1876.

On the 13th day of October, 1870, Charles Elliot, the present defendant, sued out a writ returnable at the supreme judicial court for Waldo county, at the January term then next to be holden at Belfast, in said county, on the first Tuesday of January, 1871, in a plea of the case against the present plaintiff, Byron Cross, for negligently setting fire upon his own land, and so carelessly managing the same that it caught and burned the trees and fence of the said Elliot. On the same day said writ was placed in the hands of A. Berry, then a deputy sheriff for the county of Waldo, who on the same day in his said capacity attached a cow, the property of said Byron Cross, the present plaintiff. Afterwards, on the 15th day of November, 1870, said Elliot made application to said Berry to have said cow appraised and sold pursuant to the provisions of R. S. of 1857, c. 81, and said officer caused said cow to be appraised. The appraisers, on the 15th day of November, 1870, appraised said cow at the sum of twenty-one dollars and sixty-six cents. On the 19th day of November, 1870, said officer, having given the notice required by the statutes, sold said cow for the sum of ten dollars and made due return thereof and all the proceedings in the case on said writ.

Said action was duly entered at the term at which the writ was made returnable, and was continued from term to term until October term, 1872, when judgment was rendered on report of referees duly appointed by the court, in favor of the defendant in that suit, the present plaintiff.

The cow attached and sold on said writ has never been returned or delivered to the present plaintiff, nor has the present plaintiff recovered from said officer or from said Elliot or from any other person any sum, either as the proceeds of said sale or in payment for said cow.

Neither has said Elliot ever received any part of the sum for which the cow was sold by said officer or from any other person, nor has any demand by any one been made upon said Elliot or said officer, either for the return of said cow or for payment of her value.

The present plaintiff brings this action to recover of the present defendant the value of said cow.

If the action is maintainable upon the foregoing statement of facts, judgment is to be rendered for plaintiff. If the court shall give judgment for the plaintiff, it shall determine whether judgment shall be for the appraised value of said cow, or for the price for which the cow was sold by the officer, or for the actual value of said cow. If the latter, damages to be assessed by the clerk at *nisi prius*, otherwise by the court. If the action is not maintained, plaintiff to become nonsuited.

*W. H. Fogler*, for the plaintiff.

*W. P. Thompson & R. F. Dunton*, for the defendant.

PETERS, J. The defendant sued the plaintiff in an action of case, had his personal property attached, procured the same to be sold on the writ, and failed in the suit. But he did no wrongful act. All that was done was legal. All the penalty that he is required to pay is the costs. This is an action of trover for the property attached. It cannot be maintained. The plaintiff (defendant in that action) may have been put to loss and inconvenience. He might have been, if no property had been attached. It involves expense to commence or defend a law suit. The injury sustained in such case is *damnum absque injuria*. The law assumes that, all things considered, the taxable costs shall indemnify the prevailing party for his expenses and losses in the litigation. Otherwise, men could not upon reasonable risks go into the courts. Of course the officer who sold the property must

restore its proceeds to the owner. And the defendant might be liable to an action for malicious prosecution if the facts were of a character to sustain such an action. *White* v. *Dingley*, 4 Mass. 433. *Lindsey* v. *Larned*, 17 Mass. 190. *Vanduzo* v. *Linderman*, 10 Johns. 106. Bigelow's Cas. on Torts, 206. See remarks of Weston, C. J., in 13 Maine, 259, (*Freeman* v. *Cram*).

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.